UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T. MCINTOSH,

      Petitioner,

v.                                    Case No. 08-C-1024

UNITED STATES OF AMERICA,

      Respondent.

## ORDER

On December 1, 2008, Charles T. McIntosh filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. This petition was not made in the form required by Civil L.R. 9.1, so after notice from the clerk of court petitioner resubmitted his petition in the proper form on December 15, 2008. Petitioner pled guilty to one count of conspiracy to distribute a controlled substance and on August 31, 2007, was sentenced to 216 months imprisonment. The court also imposed a ten-year term of supervised release. Judgment was entered on September 7, 2007.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner asserts several grounds for relief. First, he claims a violation of his Fourth Amendment rights in his arrest and the search and seizure undertaken by the Brown County Drug Task Force. Second, he asserts the government violated his Fourteenth Amendment rights by allegedly conspiring to cover up alleged prosecutorial misconduct. Third, petitioner claims the government violated his Fourteenth Amendment rights when it failed to provide sufficient evidence of the charge to support the "indictment conviction." Finally, he claims his Sixth Amendment right to counsel was violated due to counsel's ineffectiveness.

Motions brought under § 2255 are subject to a one year period of limitation. 28 U.S.C. § 2255(f). In his criminal case, McIntosh made three different requests for an extension of time to file a § 2255 motion, which I denied in each instance. (Case No. 07-CR-073, Doc. # 105.) Petitioner had failed to provide any authority in support of these requests suggesting this court has the authority to extend the one-year period of limitation on such motions.

I note that McIntosh's petition appears untimely. The judgment of conviction was entered in his case on September 7, 2007. McIntosh had ten days to file a notice of appeal from this date. Fed. R. App. P. 4(b)(1)(A). He filed no such notice within that time frame. His conviction became final, therefore, on the eleventh day following the entry of his judgment of conviction, when his claim could no longer be subject to appellate review. McIntosh does not claim that the one-year period should begin to run from a date later than when his judgment of conviction became final, as is provided in §§ 2255(f)(2)-(4). Unless the one-year limitation period can be equitably tolled, McIntosh's petition would be time-barred by over two months. *See Nolan v. U.S.*, 358 F.3d 480,

2

Case 1:08-cv-01024-WCG   Filed 12/18/08   Page 2 of 3   Document 5

484, 486 (7th Cir. 2004) (equitable tolling, an extraordinary remedy reserved for truly exceptional situations, is available to § 2255 petitioners).

Although he has filed a motion to proceed *in forma pauperis*, the Advisory Committee Notes to § 2255 Rule 3 clearly indicate that there is no filing fee associated with filing a § 2255 motion, and such proceedings are not civil actions for purposes of 28 U.S.C. § 1915.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order petitioner shall show cause, if any, why his application for relief under § 2255 is not time-barred. If petitioner fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated this   17th   day of December, 2008.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge